The Hon. Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| RAPHAEL RUSSELL,<br><br>                    Plaintiff,<br><br>     vs.<br><br>BANK OF AMERICA; and SERVICE LINK,<br><br>                    Defendants. | NO. 2:15-cv-00306-RSL<br><br>MOTION TO FORECLOSE ATTORNEY'S CLAIM OF LIEN, AND FOR ORDER DIRECTING DISBURSEMENT TO GUY W. BECKETT<br><br>NOTE ON MOTION CALENDAR: FEBRUARY 12, 2016 |

## I.  RELIEF REQUESTED

The undersigned attorney, Guy W. Beckett, hereby requests the Court enter an Order foreclosing his attorney's claim of lien for $5,395.08, and directing the Clerk of the Court to disburse to Guy W. Beckett that amount from funds presently on deposit in this case with the Court Registry.

## II.  FACTS

On November 17, 2015, Raphael Russell retained Guy W. Beckett to represent him in this action. On November 25, 2015, Mr. Russell informed the attorneys for the other parties in the case that Mr. Beckett was not his attorney. Prior to that notification, Mr. Beckett

MOTION TO FORECLOSE
ATTORNEY'S CLAIM OF LIEN,
AND FOR ORDER OF DISBURSEMENT - 1
(NO. 2:15-cv-00306-RSL)

Berry&Beckett
PLLP
1708 Bellevue Avenue
Seattle, WA  98122
(206) 441-5444 FAX (206) 838-6346

provided legal services to Mr. Russell pursuant to their representation agreement. Mr. Beckett has not been paid for those services. On November 30, 2015, Mr. Beckett filed and served his Notice of Attorney's Claim of Lien for $5,395.08. Dkt. #51.

Shortly after Mr. Russell commenced this action, one of the defendants in this case, Service Link, deposited approximately $9,000 into the Court Registry. Neither Service Link nor Bank of America have made any claim to any portion of these funds.[1]

### III.  EVIDENCE RELIED ON

1. Declaration of Guy W. Beckett in Support of Motion to Foreclose Attorney's Claim of Lien, and for Order Directing Disbursement to Guy W. Beckett ("Beckett Decl.").

### IV.  LEGAL AUTHORITY AND DISCUSSION

Following the filing and delivery of Mr. Russell's notice that Mr. Beckett was not representing him in this case (Dkt. #49), Mr. Beckett filed his Notice of Attorney's Claim of Lien and served Mr. Russell and opposing counsel with it. Dkt. #51. In the Claim of Lien, Mr. Beckett asserted a lien in the amount of $5,395.08 for legal services provided to Mr. Russell, upon (1) Mr. Russell's papers that had come into Mr. Beckett's possession; (2) any money in the hands of Mr. Beckett belonging to Mr. Russell; (3) money in the hands of any of the defendants in the action; (4) this action and its proceeds; and (5) any judgment rendered in this action in favor of Mr. Russell. Since the filing and service of the Claim of Lien, Mr. Beckett has sent Mr. Russell's papers to his last known address,[2] and the Court has dismissed Mr. Russell's action. The only known source for satisfaction of Mr. Beckett's lien

---

[1] The foregoing is merely a summary of the relevant facts. A detailed recitation of the facts pertaining to Mr. Russell's retention of Mr. Beckett as his attorney, the representation agreement between Mr. Beckett and Mr. Russell, and the legal services provided by Mr. Beckett to Mr. Russell, is contained in the Declaration of Guy W. Beckett in Support of Motion to Foreclose Attorney's Claim of Lien, and for Order Directing Disbursement to Guy W. Beckett, filed with and in support of this motion.

[2] *See* Beckett Decl. at 13-14.

MOTION TO FORECLOSE
ATTORNEY'S CLAIM OF LIEN,
AND FOR ORDER OF DISBURSEMENT - 2
(NO. 2:15-cv-00306-RSL)



1708 Bellevue Avenue
Seattle, WA  98122
(206) 441-5444 FAX (206) 838-6346

claim is the money still on deposit with the Court Registry, to which neither Bank of America nor Service Link claims an interest.

A proceeding to enforce an attorney's lien claim is an equitable proceeding, and the Court has broad discretion to fashion an appropriate equitable remedy. *King Cty. v. Seawest Inv. Associates, LLC,* 141 Wn. App. 304, 314, 170 P.3d 53 (2007). *See also Modern Dog Design Co. v. Target Corp.,* No. C11-1816 TSZ, 2014 WL 10937454, at *2 (W.D. Wash. Mar. 20, 2014) ("[T]he question of how to properly adjudicate the attorney's liens is within the discretion of the Court."). Here, the Court should foreclose Mr. Beckett's Claim of Attorney's Lien by ordering the Clerk of the Court to disburse to him $5,395.08 from the money on deposit with the Court Registry.

A. **The funds on deposit with the Court Registry are impressed with the Claim of Lien.**

In pertinent part, RCW 60.40.010 provides,

>   (1) An attorney has a lien for his or her compensation, whether specially agreed upon or implied, as hereinafter provided:
>   …
>   (d) Upon an action, … and its proceeds after the commencement thereof to the extent of the value of any services performed by the attorney in the action, or if the services were rendered under a special agreement, for the sum due under such agreement[.]
>   …
>   (5) For the purposes of this section, "proceeds" means any monetary sum received in the action.

Because neither Bank of America nor Service Link makes any claim to the money on deposit with the Court Registry, those sums are properly due Mr. Russell, and therefore constitute "proceeds" under RCW 60.40.010(1)(d), to which Mr. Beckett's Claim of Lien attaches. *Ferguson Firm, PLLC v. Teller & Associates, PLLC,* 178 Wn. App. 622, 632, 316 P.3d 509 (2013); *Jacobson v. Krafchick,* C13-1519-JCC, 2015 WL 852608, at *2 (W.D.

MOTION TO FORECLOSE
ATTORNEY'S CLAIM OF LIEN,
AND FOR ORDER OF DISBURSEMENT - 3
(NO. 2:15-cv-00306-RSL)

Berry & Beckett PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

Wash. Feb. 24, 2015) ("[P]roceeds under the statute include identifiable cash that comes into the possession of a client through payment by an opposing party or distribution from the attorney's trust account or registry of the court."). The Court has the discretion to order the disbursement of the amount of Mr. Beckett's lien claim from the money deposited with the Court Registry, and should exercise that discretion.

**B.     There was an express representation agreement between Mr. Russell and Mr. Beckett.**

RCW 60.40.010(1) provides that Mr. Beckett's lien attaches to the money in the Court Registry for the proper compensation, "whether specially agreed upon or implied." The representation agreement between Mr. Russell and Mr. Beckett was specially agreed upon: Mr. Russell agreed to pay Mr. Beckett $400 per hour for the legal services provided, together with reimbursement of out-of-pocket expenses. Beckett Decl. at 6-7. This agreement was not required to be in writing. *Bohn v. Cody,* 119 Wn.2d 357, 363, 832 P.2d 71 (1992); *McKevitt v. Golden Age Breweries, Inc.,* 14 Wn.2d 50, 61, 126 P.2d 1077 (1942) (attorney with no written contract may recover fees from a client when a contract is implied in fact from the circumstances surrounding the relationship).

As demonstrated by the testimony in Mr. Beckett's supporting declaration, there was absolutely no ambiguity about whether Mr. Russell had retained Mr. Beckett to perform legal services for him in this case. Not only was there an express agreement that Mr. Beckett would represent Mr. Russell, the circumstances also support the implication that an agreement existed. After delivering to Mr. Beckett on November 17, 2015 some of his papers regarding the dispute with Bank of America, Mr. Russell returned to Mr. Beckett's office the

MOTION TO FORECLOSE
ATTORNEY'S CLAIM OF LIEN,
AND FOR ORDER OF DISBURSEMENT - 4
(NO. 2:15-cv-00306-RSL)

Berry&Beckett PLLP
1708 Bellevue Avenue
Seattle, WA  98122
(206) 441-5444 FAX (206) 838-6346

next day to deliver additional documents.[3] During the second meeting, Mr. Russell and Mr. Beckett arranged for Mr. Beckett to travel to Monroe the next week to view Mr. Russell's property, where the fire loss occurred. Mr. Beckett informed the attorneys for Bank of America and Service Link that he had been retained by Mr. Russell, and Mr. Beckett prepared and filed a motion for permission for Mr. Russell to file an untimely More Definite Statement and response to Bank of America's motion to dismiss his claims. All of these circumstances support the conclusion that Mr. Russell expressly retained Mr. Beckett as his attorney and agreed to pay Mr. Beckett $400 per hour plus reimbursement of expenses, but at the very least, an agreement for representation was implied in fact. *McKevitt,* 14 Wn.2d at 52 ("An implied contract [for attorney's fees] differs not from an express contract except in the mode of proof. Both grow out of the intentions of the parties to the transaction, and there must be a meeting of the minds whether the contract be express or implied."); *Lynch v. Deaconess,* 113 Wn.2d 162, 165, 776 P.2d 681 (1989) (contract for attorney's fees implied in fact is an express contract arising from the facts and showing mutual consent and an intention to contract with the other party).

C. **The amount of the lien claim is justified and reasonable.**

The amount of Mr. Beckett's lien claim is based on the lodestar approach: it is the product of the multiplication of the agreed hourly rate by the amount of time worked by Mr. Beckett on Mr. Russell's case.[4]

---

[3] In both of these meetings, Mr. Russell confirmed that he wished to retain Mr. Beckett as his attorney, and agreed to pay Mr. Beckett $400 per hour for his services. Mr. Russell and Mr. Beckett further agreed that the money on deposit with the Court Registry would be used to pay, in part, the attorney's fees that would be incurred. Beckett Decl. at 6-7.

[4] While Mr. Beckett makes no claim for more than the amount of the lien claim, the lien claim does not include time he spent reviewing Mr. Russell's documents and court papers, part of the time he spent meeting with Mr.

MOTION TO FORECLOSE
ATTORNEY'S CLAIM OF LIEN,
AND FOR ORDER OF DISBURSEMENT - 5
(NO. 2:15-cv-00306-RSL)

Berry&Beckett PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

1  "The lodestar method is the accepted starting point for attorney fee determinations." *Cobb v. Snohomish County,* 86 Wn. App. 223, 237, 935 P.2d 1384 (1997). A lodestar approach involves multiplying the reasonable hourly rate by the hours reasonably expended on the lawsuit. *Bowers v. Transamerica Title Ins. Co.,* 100 Wn.2d 581, 593, 675 P.2d 193 (1983). The lodestar approach focuses on the reasonableness of the hourly rate and the reasonableness of the hours worked. *Jacobson v. Krafchick,* 2015 WL 852608, at *5 (citing *Yahoo, Inc. v. Net Games, Inc.,* 329 F. Supp.2d 1179, 1182 (N.D. Cal. 2004)). The lodestar can be adjusted up or down to take into consideration aspects of the representation, such as the contingent nature of the lawsuit or the quality of the legal representation, that have not already been taken into account. *Id.* at 593-94.

Here, Mr. Beckett seeks only to recover his lodestar fees, without any adjustment up or down. Mr. Beckett has been practicing law in Washington State for over thirty years. His hourly rate for this case, $400, is eminently reasonable for attorneys with his experience and credentials. *See Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1326-27 (W.D. Wash. 2009) (approving hourly rates for work performed in Seattle that ranged from $415 to $760).

Similarly, the amount of time worked by Mr. Beckett on Mr. Russell's case is also reasonable. Mr. Beckett billed a total of only 13.4 hours. Of that time, one hour was devoted to the initial meeting with Mr. Russell, and 2.5 hours was devoted to traveling to and from Monroe for the scheduled meeting with Mr. Russell at the fire loss site. Mr. Prado, who referred Mr. Russell to Mr. Beckett, had warned Mr. Beckett that "time [was] of the essence" due to scheduling orders and deadlines that were "fast approaching." Beckett Decl, Ex. A.

---

Russell, and part of the time he spent communicating and corresponding with legal counsel for attorneys for other parties. Beckett Decl. at 11.

MOTION TO FORECLOSE
ATTORNEY'S CLAIM OF LIEN,
AND FOR ORDER OF DISBURSEMENT - 6
(NO. 2:15-cv-00306-RSL)

Berry&Beckett PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

Indeed, once Mr. Beckett agreed to represent Mr. Russell, he discovered that deadlines had in fact expired; that Mr. Russell had failed to comply with the Court's Order to file a More Definite Statement; and had failed to respond to Bank of America's Motion to Dismiss. Thus, at any time, the Court could have dismissed Mr. Russell's claims. Accordingly, it was critical for Mr. Russell to request additional time to file the More Definite Statement and to Respond to the Motion to Dismiss as quickly as possible, to hopefully prevent a dismissal order. Mr. Beckett filed the Motion for Extension of Time just one week after he first learned of Mr. Russell's case, and just two days after initially meeting with Mr. Russell. In light of the legal services provided by Mr. Beckett to Mr. Russell in this short amount of time and the critical need for Court permission for Mr. Russell to file the More Definite Statement and his response to the Motion to Dismiss, the total number of hours spent by Mr. Beckett on Mr. Russell's case – 13.4 hours – was completely reasonable.

Finally, the reasonableness of the legal services provided by Mr. Beckett to Mr. Russell, and the time he devoted to Mr. Russell's claims, is borne out by the Court's recent Order dismissing Mr. Russell's claims. Dkt. #60. On November 18, 2015, Mr. Beckett recognized the very real prospect that Mr. Russell's claims could be dismissed due to his (Mr. Russell's) failure to have filed a More Definite Statement and a response to Bank of America's Motion to Dismiss within the required deadlines. Over the two-day period of November 18 and 19, 2015, Mr. Beckett worked less than 8.9 hours to research and draft a motion and a supporting declaration to request additional time for Mr. Russell to file his More Definite Statement and a response to the Motion to Dismiss, and in negotiations with opposing counsel to obtain Bank of America's likely agreement to permit Mr. Russell to file these untimely pleadings. *See* Beckett Decl. at 10 and Ex.'s C, E, and G. This was clearly a

MOTION TO FORECLOSE
ATTORNEY'S CLAIM OF LIEN,
AND FOR ORDER OF DISBURSEMENT - 7
(NO. 2:15-cv-00306-RSL)

Berry&Beckett
PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

1  critical problem for Mr. Russell to resolve, but after informing the Court and the other
2  attorneys that Mr. Beckett was not his attorney, he failed to do so. The Court in fact
3  dismissed Mr. Russell's claims for the very reason that Mr. Beckett warned Mr. Russell
4  would likely occur. Beckett Decl., Ex. D at 3 ("The deadline for filing a response to the
5  Motion to Dismiss passed about two months ago, and the motion is currently pending. At any
6  time, Judge Lasnik could rule on the motion. Without any response to that motion being
7  filed, it is likely that at some point the Court would grant the request, and you would not be
8  entitled to obtain any relief against Bank of America. … I worked several hours on
9  November 18 and 19 to prepare a motion to ask the Court to give you additional time to file
10 the More Definite Statement and to respond to the Motion to Dismiss."). *Compare* Order
11 Denying Motions for Extensions of Time and Granting Motion to Dismiss (Dkt. #60) at 5
12 ("Because plaintiff did not properly amend his complaint as ordered by the Court, did not
13 respond to the motions to dismiss, and still has not – despite three additional filings – shown
14 that he could plausibly state a claim for relief, the Court grants defendants' motions to
15 dismiss."). Mr. Beckett correctly and quickly recognized the importance of Mr. Russell's
16 failures to comply with the Court's Order requiring Mr. Russell to file a More Definite
17 Statement, and the deadline to file a response to the Motion to Dismiss. Although Mr. Russell
18 unfortunately and incorrectly decided his interests would be better off served acting as his
19 own attorney instead of being represented by Mr. Beckett, the fact that the Court dismissed
20 Mr. Russell's claims for the very reasons Mr. Beckett warned Mr. Russell would likely occur
21 shows that the amount of time Mr. Beckett spent preparing the motion for extension of time
22 to file the More Definite Statement and a response to the Motion to Dismiss was reasonable
23 and justified.

MOTION TO FORECLOSE
ATTORNEY'S CLAIM OF LIEN,
AND FOR ORDER OF DISBURSEMENT - 8
(NO. 2:15-cv-00306-RSL)



1708 Bellevue Avenue
Seattle, WA  98122
(206) 441-5444 FAX (206) 838-6346

Thus, both Mr. Beckett's hourly rate, and the amount of time Mr. Beckett worked on Mr. Russell's case, are reasonable. The Court should grant Mr. Beckett's motion to foreclose his Claim of Attorney's Lien, and enter an order requiring the Clerk of the Court to disburse to Mr. Beckett the sum of $5,395.08 from the Registry of the Court in this action. A proposed order is submitted with this motion.

Dated: January 19, 2016.

          /s/ Guy Beckett
          Guy W. Beckett, WSBA #14939

MOTION TO FORECLOSE
ATTORNEY'S CLAIM OF LIEN,
AND FOR ORDER OF DISBURSEMENT - 9
(NO. 2:15-cv-00306-RSL)

Berry & Beckett PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

**CERTIFICATE OF SERVICE**

Guy W. Beckett hereby certifies that on January 19, 2015, I mailed a copy of the foregoing document by first-class mail, postage prepaid, to:

Raphael Russell
14751 N. Kelsey Street
Suite 105, Box 137
Monroe, WA  98272

Also on January 19, 2016, I caused a copy of this document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following persons:

| | |
|---|---|
| Matthew R. Cleverley | Matthew.Cleverley@fnf.com |
| Christopher G. Varallo | cgv@witherspoonkelley.com |
| Steven J. Dixson | sjd@witherspoonkelley.com |

SIGNED THIS 19th day of January, 2016, at Seattle, Washington.

　　　　　　　　　　　　　　　　　　 /s/ Guy Beckett　　　　　　　　
　　　　　　　　　　　　　　　　　Guy W. Beckett, WSBA #14939

MOTION TO FORECLOSE
ATTORNEY'S CLAIM OF LIEN,
AND FOR ORDER OF DISBURSEMENT - 10
(NO. 2:15-cv-00306-RSL)

Berry&Beckett PLLP
1708 Bellevue Avenue
Seattle, WA  98122
(206) 441-5444 FAX (206) 838-6346